**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARK D. HARRISON,** : | |
|     Plaintiff : | **Civil Action No. 05-CV-2323** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **GREGORY J. AMMONS, WARREN** : | |
| **S. CORNELIUS, CAMP HILL** : | |
| **BOROUGH, and UNKNOWN** : | |
| **INSURANCE COMPANY,** : | |
|     **Defendants** : | |

## ORDER

Before the Court is Defendants' motion to dismiss Count III of Plaintiff's complaint. (Doc. No. 14.) In Count III, Plaintiff advances claims of "gross negligence" against Defendants Camp Hill Borough, a Pennsylvania municipality, and its Chief of Police during the relevant time period, Gregory J. Ammons.[1] (Compl. ¶¶ 39-45.) In the motion to dismiss, Defendants contend that these claims are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), codified at 42 Pa. Cons. Stat. § 8501, et seq. (Doc. No. 14, ¶ 3.)

Defendants filed their motion to dismiss and brief in support thereof on May 16, 2007. When the briefing period expired without any brief in opposition filed by Plaintiff, the Court issued an order directing Plaintiff to show cause no later than June 13, 2007, why the motion should not be granted as unopposed. (Doc. No. 16); see also Local Rule 7.6. To date, no brief in

---

[1] Plaintiff asserts that Defendant Ammons was grossly negligent in his management of the police department. Specifically, Plaintiff contends that Defendant Ammons: (1) failed to adequately train and supervise his officers; (2) negligently hired and then failed to properly oversee Officer Cornelious, a defendant in this suit action who allegedly harassed and oppressed Plaintiff; and (3) failed to adequately investigate Plaintiff's complaints of racial bias, official oppression, and the events giving rise to this complaint. (Compl. ¶¶ 39-43.) Plaintiff also alleges that Defendant Camp Hill Borough was grossly negligent in failing to "establish proper and adequate guidelines, procedures, or training programs for their employees." (Id. ¶ 44.)


opposition has been filed.

Accordingly, this 24th day of July, 2007, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss Count III of Plaintiff's complaint (Doc. No. 14) is **GRANTED** as unopposed.[2]

                S/ Yvette Kane
                Yvette Kane, Chief Judge
                United States District Court

---

[2] Moreover, the Court notes that dismissal of this count would also be warranted on the merits. Upon review of the complaint and relevant state law, the Court finds that the PSTCA would likely afford Camp Hill Borough and Defendant Ammons governmental and official immunity, respectively, from Plaintiff's claims of "gross negligence."

42 Pa. Cons. Stat. § 8541 provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to the person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541. Section 8542 then enumerates the exceptions to the general rule of governmental immunity, none of which apply in the instant situation. See id. § 8542. Thus, Camp Hill Borough, a Pennsylvania municipality, would have governmental immunity from Plaintiff's tort claim of gross negligence.

Additionally, the PSTCA contains a defense of official immunity, which applies in "any action brought against an employee of a local agency for damages on account of an injury to a person or property based on claims arising from, or reasonably related to, the office or the performance of the duties of the employee." Id. § 8546; see id. § 8545. Here, Plaintiff's claim of gross negligence against Defendant Ammons clearly arises from and is reasonably related to Ammons's performance of his official duties as police chief. (Compl. ¶¶ 39-44); see Irvin v.Borough of Darby, 937 F. Supp. 446, 452 (E.D. Pa. 1996) ("[P]laintiff may not assert a claim based on negligence or recklessness against the defendant police officers since section 8545 [of the PSTCA] extends the general immunity granted under section 8541 to employees."); Moser v. Bascelli, 865 F. Supp. 249, 253-54 (E.D. Pa. 1994) (explaining that an officer is immune under § 8545 of the PSTCA from tort claims based in negligence, such as the negligent infliction of emotional distress claim advanced by the plaintiff in this case). Furthermore, the limitation on the defense of official immunity, which is contained in § 8550 and addresses willful misconduct, would not apply to the instant situation. See 42 Pa. Cons. Stat. § 8550 (The defense of official immunity unavailable when it is "judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct."); see also Ratti v. Wheeling Pittsburgh Steel Corp., 758 A.2d 695, 703 (Pa. Super. Ct. 2000) ("[G]ross negligence constitutes conduct more egregious than ordinary negligence but does not rise to the level of intentional indifference to the consequences of one's acts.").